## Doklan v. Penny Heaters Inc.

*Vincent R. McGuiness,* for plaintiff.

*Joseph E. O'Neil,* for defendant Toyotomi Kogyo Ltd.

*Frank A. Baker,* for defendants Penny Heaters Inc., Kero-Sun Inc., and Warmth Inc.

GRIFO, *J.,* June 6, 1984 — Defendant, Toyotomi Kogyo/Limited (Toyotomi), who was served by plaintiff pursuant to The Hague Convention, has filed preliminary objections requesting plaintiff's action be dismissed with prejudice on the ground that this court lacks personal jurisdiction over it. The preliminary objections are denied.

Under 42 Pa.C.S. §5322, this court may exercise personal jurisdiction over a nonresident defendant to the fullest extent allowed under the U.S. Constitution. The pertinent parts of the act are set forth below:

"[Section 5322(a) (1)]. Without excluding other acts which may constitute transacting business in this Commonwealth, any of the following *shall* constitute transacting business for the purpose of this paragraph:

. . .

(iii) the shipping of merchandise directly or *indirectly* into or through this Commonwealth.

(b) In addition to the provisions of subsection (a) the jurisdiction of the tribunal of this Commonwealth shall extend to all persons . . . to the fullest extent allowed under the Constitution of the United States and may be based on the *most minimum contact* with this Commonwealth allowed under the Constitution of the United States." 42 Pa.C.S. §5322. (Emphasis added.)

To satisfy the due process clause of the Constitution, a defendant must have certain minimum contacts with the forum such that maintenance of a lawsuit does not afford traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310 66 S.Ct. 154, 90, L.Ed. 95 (1945). Such minimum contacts are established by activities that give defendant a reasonable expectation that it may be "haled before the court" in the forum state. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed. 2d 490 (1980).

Though the court in World-Wide found defendant, a retail dealer and regional distributor of automobiles in the New York-New Jersey-Connecticut

area, to lack sufficient minimum contact with Oklahoma, the forum state, the court made· clear that World-Wide's ·holding was limited to its facts and would not preclude an exercise of jurisdiction against an out-of-state manufacturer in a products-liability claim. Said the court:

"[I]f the sale of a product of a manufacturer or distributor . . . is not simply an isolated occurrence, but arises from the efforts of the manufacturer or distributor to serve, *directly* or *indirectly,* the market for its product in other states, it is not unreasonable to subject it to suit in one of those states if its allegedly defective merchandise has there been the source of injury to its owner or to others.

"The forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state." 444 U.S. at 297, 100 S. Ct. at 567 (Emphasis added.) Goff v. Armbrecht Motor Truck Sales, Inc., 284 Pa. Super. 544, 426 A.2d 628, 633 (1980); Holler v. E. J. Mfg. Co., Inc., 557 F.Supp. 6, 8 (E.D., Pa. 1982).

In products-liability cases as we have here, many courts have adopted the "stream of commerce" theory as a basis for jurisdiction over a foreign manufacturer. Under this theory, a manufacturer may be held amenable to process in a forum in which its products are sold, even if the products were sold indirectly through importers or distributors with independent sales and marketing schemes. Underlying the assumption of jurisdiction in these cases is the belief that the fairness requirements of due process do not extend so far as to permit a manufacturer to insulate itself from personal service under the forum state's long arm statute by using an

intermediary or by professing ignorance of the ultimate destination of its products, Novinger v. E. I. Du Pont de Nemours & Co., Inc., 89 F.R.D. 588 (M.D., Pa. 1981); Lasky v. Continental Products Corp., 569 F.Sup. 1227 (E.D., Pa. 1983).

The product at issue in this case is a portable kerosene heater manufactured in Japan by Toyotomi. This heater was sold to Kero-Sun, Inc. in Japan by Toyotomi where eventual resale occurred in the United States through the Kero-Sun distribution chain. Plaintiff purchased this heater in Pennsylvania and was injured in Pennsylvania as the result of a fire allegedly caused by a defect in the heater.

"[Toyotomi] asserts that it is a Japanese company with no offices or employees located in Pennsylvania; that it is not incorporated, licensed, or registered to do business in Pennsylvania; and that it carries on no activities whatsoever in Pennsylvania. Assuming, arguendo, the truth of these averments, it is still obvious that this court may exercise personal jurisdiction over [Toyotomi]." Lasky, p. 1226.

There can be no dispute that the portable kerosene heaters manufactured by Toyotomi are aggressively marketed and sold in Pennsylvania. "The fact that [Toyotomi] conducts its marketing and distribution in the United States through an independent distribution system does not shield it from the imposition of in personam jurisdiction in Pennsylvania. [Toyotomi] had every reason to expect, and no doubt desired, that many of its [kerosene heaters] would be sold in Pennsylvania." Lasky, p. 1227. We find that Toyotomi should reasonably expect to be haled into court in Pennsylvania.

Although we respect the opinion of our sister court in Forcey v. Eichelman's Subaru, no. 5395 November term 1981 (Phila. Common Pleas Court

June 15, 1983), granting a dismissal of the complaint therein for lack of jurisdiction, it appears to be inconsistent with the reasoning in the cases set forth above, and we decline to follow it.

Wherefore, we enter the following

## ORDER OF COURT

And now, this June 6, 1984, upon consideration of the preliminary objections of defendant, Toyotomi Kogyo, Ltd., it is hereby ordered and decreed that the preliminary objections are overruled and denied. Defendant, Toyotomi Kogyo, Ltd. is ordered to answer plaintiff's amended complaint within 20 days from the date of this order.